No. 29,977.

J. E. WHITMER, Trustee of the Estate of E. E. Ellenberger, *Appellant*, v. E. E. ELLENBERGER, JOHN ELLENBERGER and RUDOLPH C. ELLENBERGER, *Appellees*.

(299 Pac. 599.)

Opinion filed June 6, 1931.

*W. N. Moore*, of Phillipsburg, *J. T. Reed* and *Miles Elson*, both of Smith Center, for the appellant.

*Dan Hopson*, of Phillipsburg, *A. W. Relihan* and *T. D. Relihan*, both of Smith Center, for appellee John Ellenberger.

The opinion of the court was delivered by

HARVEY, J.: This is an action by a trustee in bankruptcy to set aside a deed to real property executed by the bankrupt about five months prior to the adjudication on the ground that the grantor was then insolvent and that the deed was executed without consideration. The trial court sustained a demurrer to plaintiff's evidence, and she has appealed.

Briefly, the facts disclosed by the record may be stated as follows: John Ellenberger, an elderly gentleman, retired from farming and he and his wife moved to town. He owned two farms. He had two sons—Ed, for whose estate in bankruptcy the plaintiff in this case had been appointed trustee, and Rudolph. Ed lived on one of the farms and Rudolph lived on the other, paying as rent a share of the crops to the father. The father, John Ellenberger, executed his will, in which he devised to Ed the farm on which he was living, and to Rudolph the farm on which he was living. In

May, 1919, Rudolph desired to move west, and he made an agreement in writing to sell the farm on which he was living, or his interest therein, to Ed for the sum of $16,000, payment on that price to be made each year of as much as the value of one-third of the crops. The father, John Ellenberger, joined in that agreement, and by it he was to continue to receive as rent one-third of the crops. Ed took possession of the place and farmed it, paying the rents to the father and making payments to Rudolph, which, in the course of about four years, aggregated $4,000. By that time Ed had become involved financially. While he owed other persons, his principal indebtedness was to his father, from whom he had borrowed money and executed notes aggregating $25,000, and was also indebted to his father on book account in the sum of approximately $10,000. Ed and his wife executed a deed to his father for the land which he had agreed to purchase from Rudolph, and placed it of record. This was done without the father's knowledge, but a day or two later Ed told his father he had executed and recorded the deed. The father then agreed to accept the deed, "if it was worth anything," for the sum Ed owed him on book account.

The sole question presented here is whether or not this evidence disclosed a consideration for the deed. It must be borne in mind that the title stood in the name of the father, John Ellenberger, all the time. While it is true he had executed a will devising the land to Rudolph, that will had never become effective, for the testator is still living; hence the father could well question whether the deed from Ed to him conveyed any title. If so, it was because he was a party to the agreement by which Rudolph sold his interest in the place to Ed; but that agreement does not purport to convey title from the father to either of the sons. But, assuming, for the purposes of the case, that Rudolph had some title, either actual or prospective, which he could sell to Ed, and hence that Ed had some title or interest which could be conveyed by the deed which he and his wife executed to his father, the question is whether there was consideration for that deed. It was agreed between them that the deed was executed for the sum which Ed owed his father on book account. That constituted a consideration for the deed.

The judgment of the court below is affirmed.